JERRY L. HOWELL AND CHERYLE SIGMON HOWELL AND C & J HOWELL, D/B/A THE DETAIL CENTER v. PIEDMONT LEASE AND RENTAL, A NORTH CAROLINA PARTNERSHIP

No. 8919SC500

(Filed 4 January 1990)

**Landlord and Tenant § 5 (NCI3d) — lease of cleaning equipment — failure of lessor's supplier to deliver to lessee — responsibility for rent**

Where defendant lessor agreed to purchase cleaning equipment and lease it to plaintiffs, the lease agreement provided that the lessor was not responsible for delay or failure of its supplier to deliver the equipment to plaintiff and that all rental payments were to be paid by plaintiffs irrespective of claims they may have against the supplier, and the lessor ordered and paid for the equipment and directed the supplier to deliver it to plaintiffs, plaintiffs were obligated to make the lease payments even though the supplier has not delivered the leased equipment to them.

**Am Jur 2d, Bailments §§ 66, 67, 73, 133, 134, 240.**

**HOWELL v. PIEDMONT LEASE AND RENTAL**

[96 N.C. App. 676 (1990)]

APPEAL by plaintiffs from *Helms, Judge.* Order entered 8 March 1989 in Superior Court, CABARRUS County. Heard in the Court of Appeals 8 November 1989.

*William F. Rogers, Jr. for plaintiff appellants.*

*Roberson, Haworth and Reese, by William P. Miller, for defendant appellee.*

PHILLIPS, Judge.

Plaintiffs, who have a cleaning business in Concord, sued defendant for failing to deliver certain equipment leased to them and defendant counterclaimed for payments due under the lease. Following discovery an order of summary judgment was entered dismissing plaintiffs' complaint and granting judgment for defendant on the counterclaim. The pleadings, depositions, affidavits, and other materials before the court establish the following facts without contradiction: In September, 1987 plaintiffs desired to purchase a steam cleaning machine, a carpet cleaner, and other cleaning equipment from North American Cleaning Systems in Landis. After examining the equipment and ascertaining its price, plaintiffs contacted defendant leasing company in High Point about acquiring the machines from North American and leasing them to plaintiffs for thirty-six months with an option to purchase them. Pursuant thereto the parties entered into the lease agreement sued upon; defendant ordered and paid for the articles involved and directed North American to send them to plaintiffs. Plaintiffs did not receive certain of the articles and after several months stopped making the payments called for and suit eventually followed.

The following provisions of the lease agreement are decisive of the case:

1. PURCHASE AND ACCEPTANCE: No Warranties by Lessor: Lessee requests Lessor to purchase the Equipment from a supplier . . . and arrange for delivery to Lessee . . . Lessor shall have no responsibility for delay or failure of Supplier to fill the order for the Equipment . . . .

\* \* \*

4. NON-CANCELLABLE LEASE: This lease cannot be cancelled or terminated except as expressly provided herein. Lessee understands and agrees that . . . all rental payments shall

be paid by Lessee irrespective of any set-off, counterclaim, recoupment defense or other right which Lessee may have against the Supplier of the equipment . . . .

These terms make clear that defendant is not responsible for the leased machines not being delivered to plaintiffs if they have not; and that plaintiffs are obliged to make the payments called for whether the machines have been delivered or not. Having so contracted plaintiffs are bound thereby, and no issue of fact material to the case remains to be litigated, as the court ruled. Plaintiffs' further argument that the lease terms are unconscionable and disapproved by our law has no merit, as a lease with similar provisions was upheld in *Falco Corp. v. Hood*, 7 N.C. App. 717, 173 S.E.2d 578 (1970).

Affirmed.

Judges BECTON and GREENE concur.